# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# OXFORD DIVISDION

BARBARA HEROD                                                                           PLAINTIFF

V.                                                       CIVIL ACTION NO. 3:15-CV-143-DAS

COMMISIONER OF SOCIAL SECURITY                            DEFENDANT

## ORDER GRANTING ATTORNEY FEES

After successfully prosecuting an appeal to this court, plaintiff's counsel helped the plaintiff obtain a fully favorable decision on remand to the Social Security Administration. Counsel has now returned to this court seeking approval of legal fees under 42 U.S.C. § 406(b). When the Social Security Administration calculated back benefits for the plaintiff and her minor child, a total of $ 16,424,00 was withheld from the back benefits for attorney fees. Counsel seeks an order authorizing payment of the existing balance of $ 10,423.75.

There are two potential sources of attorney fees set forth within the Social Security Act. An attorney can receive compensation under 42 U.S.C § 406(a) for services rendered for a claimant before the Social Security Administration. The agency makes its determination of the fees to be allowed for this work, subject to a cap of twenty-five percent of a claimant's back due benefits. An attorney can also receive an attorney fee for representation of a claimant before the federal courts. The attorney may receive a fee up to twenty-five percent of the back benefits due a claimant under 42 U.S.C. § 406 (b). While there is a split among the circuits, and the issue is presently pending before the United States Supreme Court (Petition for writ of certirorari granted *Culbertson v. Berryhill*, No. 17-773, --- S.Ct.---, 2018 WL 2292460, May 21, 2018), in the Fifth Circuit Court of Appeals, the claims for attorney fees under both sections are subject to an

1

aggregate cap of twenty-five percent of the total back benefits award.

Furthermore, to prevent double recoveries by attorneys, any EAJA attorney fees award is offset against any § 406(b) fee award. A plaintiff's attorney may either reduce the § 406(b) claim by the amount of EAJA fees, or may receive both fees, then refund the smaller of the two fees to the plaintiff. *Black v. Culbertson,* 470 Fed. App'x 737, 739 (7th Cir. 2012).

On March 5, 2017 the Social Security Administration issued a Notice of Award in Herod's case. On September 7, 2017, the Social Security Administration issued two authorizations for counsel to collect attorney fees from the plaintiff and her child, for work done before the agency in the amounts of $ 3,937.08 and $2,062.92. The Social Security Administration, however, determined that there had been an overpayment of administrative level attorney fees and so notified counsel on November 5, 2017. Counsel refunded the overpayment of $ 1,908.62 on November 16, 2017.

The plaintiff requests the full balance of the withheld funds for representation before this court and in accordance with the contingency fee contracts signed by the plaintiff. The court finds that this award would amount to an hourly fee award of $ 276.13 per hour for the court-related representation. Since this fee is within the range of reasonable hourly attorney fees charged by attorneys in this area for non-contingent work, the court finds that the fee is reasonable.

Given that the final determination of attorney fees at the administrative level determines the final amount that can be awarded on the § 406(b) fees, the error with the overpayment meant that the administrative fee award was finally determined in November, 2017. Given the value of the services of counsel to the plaintiff and her child, the lack of prejudice to the clients and the

overpayment error by the SSA, the court finds that under the unusual circumstances presented in this case, the motion was filed within a reasonable time.

IT IS, THEREFORE, ORDERED that the motion for the allowance of attorney fees is granted. The Social Security Administration is directed to pay counsel the balance of the back pay award held out for payment of attorney fees in the amount of $ 10,423.75, less any administrative/user charges. Counsel is directed to refund the EAJA award to the plaintiff.

SO ORDERED this the 6th day of June, 2018.

/s/ David A. Sanders
UNITED STATES MAGISTRATE JUDGE